UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JAMES FAULDS JR.,

                    Petitioner,                    Case Number: 1:23-cv-10627

v.                                           Honorable Thomas L. Ludington
                                            United States District Judge

JONATHAN HEMINGWAY,

                    Respondent.

_____/

**OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS,
LEAVE TO AMEND PETITION, AND LEAVE TO APPEAL *IN FORMA PAUPERIS***

In 2007, James Faulds Jr. faced a choice: either plead guilty to distributing and possessing child pornography or face the proofs at trial. He chose the former, reconsidered, and then sought to revoke his plea. The district court allowed him to do so, and a jury convicted him on both charges. Faulds then ran a legal marathon, filing a direct appeal and a § 2255 motion and now a habeas petition under § 2241, challenging his sentence and the district court's decision to allow him to withdraw his guilty plea.

The law offers many paths, but not endless ones. Because Faulds has not shown that his § 2255 remedy was inadequate or ineffective to challenge his conviction or sentence, his § 2241 petition must be dismissed for lack of subject-matter jurisdiction.

**I.**

In January 2007, Faulds was indicted on one count of distribution of child pornography, 18 U.S.C. § 2252(a)(2), and one count of possession of such material, 18 U.S.C. § 2252(a)(4)(B). *Faulds v. United States*, No. 3:11-CV-03037, 2013 WL 5460631 at *2 (C.D. Ill. Oct. 1, 2013). On March 27, 2007, he pleaded guilty to both counts. *Id.* Then he filed a *pro se* motion to

withdraw his guilty plea. *Id.* The district court granted the motion and, following a four-day trial, the jury found Faulds guilty of both counts. *Id.* On September 8, 2009, Faulds was sentenced to 240 months' imprisonment for the distribution charge and a consecutive term of 120 months' imprisonment for the possession charge: a total of 360 months' imprisonment. *Id.* Faulds appealed to the Seventh Circuit, arguing that his convictions violated the Double Jeopardy Clause because the possession charge was included within the distribution charge, but his convictions were affirmed. *See United States v. Faulds*, 612 F. 3d 566, 567 (7th Cir. 2010).

In January 2011, Faulds raised 30 grounds for relief in a motion to vacate, to set aside, or to correct his sentence under 28 U.S.C. § 2255, which was denied. *Faulds*, 2013 WL 5460631, at *3. The Seventh Circuit Court of Appeals affirmed that too. *Faulds v. United States*, 617 F. App'x 581 (7th Cir. 2015).

On March 1, 2023, Faulds filed a *habeas corpus* petition under 28 U.S.C. § 2241. ECF No. 1.

## II.

Faulds argues that the district court should not have allowed him to enter a guilty plea, even though it complied with the requirements of Criminal Rule 11, and that the prosecutor vindictively chose not to object to Faulds's motion to withdraw his guilty plea. *Id.*

Prisoners generally must challenge their federal conviction or sentence by filing a motion under 28 U.S.C. § 2255. *See Hill v. Masters*, 836 F.3d 591, 594 (6th Cir. 2016); *United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001). A § 2241 petition for habeas corpus relief is ordinarily limited to challenges to the manner or execution of sentence. *See United States v. Jalili*, 925 F.2d 889, 893–94 (6th Cir. 1999) ("[A]n attack upon the execution of a sentence is properly cognizable in a 28 U.S.C. § 2241(a) habeas petition.").

An exception, known as "the savings clause," allows a prisoner to challenge the validity of his conviction or sentence under § 2241 by showing "that [the] remedy under § 2255 is inadequate or ineffective." 28 U.S.C. § 2255(e). The petitioner bears this burden, *Charles v. Chandler*, 180 F.3d 753, 756 (1999), and the realm of successful circumstances is "narrow," *Peterman*, 249 F.3d at 461. Habeas is not an "additional, alternative, or supplemental remedy" to the motion to vacate, to set aside, or to correct the sentence. *Charles*, 180 F.3d. at 758.

A prisoner satisfies the requirements of the saving clause by proving a claim of actual innocence that could not have reasonably been presented sooner. *Wooten v. Cauley*, 677 F.3d 303, 307 (6th Cir. 2012). Prisoners can demonstrate actual innocence by showing that (1) there is a Supreme Court decision adopting a new interpretation of a statute, (2) the decision was issued after a meaningful time to incorporate it into the direct appeal or later motions, (3) the decision is retroactive, and (4) the decision makes it more likely than not that no reasonable juror would have convicted the petitioner. *Id.* at 307–08.

Faulds makes no claim of actual innocence. He merely challenges the withdrawal of his guilty plea. Nor does he argue he did not have a meaningful opportunity to raise this claim on direct appeal or in his § 2255 motion. In this way, Faulds's § 2241 petition does not satisfy the savings clause of § 2255. So the petition must be dismissed for lack of subject-matter jurisdiction. *Taylor v. Owens*, 990 F.3d 493, 499–500 (6th Cir. 2021).

For those reasons, the petition for writ of habeas corpus will be dismissed.

### III.

Finally, Faulds has filed a notice, labeled "motion" of his intent to amend his habeas petition in light of *Jones v. Hendrix*, 143 S. Ct. 1857 (2023). ECF No. 6.

- 3 -

"Under Rule 15(a), leave to amend a pleading shall be freely given when justice so requires. This court has explained the factors that a district court should consider when deciding whether to grant leave to amend. Several elements may be considered in determining whether to permit an amendment. Undue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment are all factors which may affect the decision. Delay by itself is not sufficient reason to deny a motion to amend. Notice and substantial prejudice to the opposing party are critical factors in determining whether an amendment should be granted." *Brooks v. Celeste*, 39 F.3d 125, 130 (6th Cir.1994) (cleaned up).

But amending his petition "would unduly prejudice the state, since the state would have to file a large new answer, prepare for a new round of discovery, rewrite dispositive motions, and prepare for additional evidentiary hearings." *Coe v. Bell*, 161 F.3d 320, 341 (6th Cir. 1998).

More importantly, his amended pleading would be futile. *Jones v. Hendrix* addresses the interpretation of the saving clause and its relationship to § 2255(h). Jones holds that the saving clause does not authorize a workaround for prisoners who fail to satisfy the conditions specified in § 2255(h) for filing a second or successive § 2255 motion. *Jones v. Hendrix*, 143 S. Ct. 1857, 1860 (2023). The Court asserts that § 2255(h) provides the exclusive and limited circumstances in which federal prisoners may bring second or successive collateral attacks on their sentences, and the saving clause should be construed in harmony with this provision. *Id.* at 1868. The Court emphasizes that the saving clause preserves recourse to § 2241 only in cases where unusual circumstances make it impossible or impracticable to seek relief through a § 2255 motion or for challenges to detention other than collateral attacks on a sentence. *Id.* at 1860. It states that AEDPA's new restrictions on § 2255 *do not* expand § 2241's applicability and that allowing

- 4 -

nonconstitutional claims to proceed under § 2241 would undermine the purpose of § 2255 and lead to inconsistent and illogical results. *Id.* at 1869. Applying *Jones* here, this Court concludes that Faulds's § 2241 petition still would not satisfy the requirements of the saving clause. Faulds does not claim actual innocence, and his challenge to the withdrawal of his guilty plea does not fall within the narrow scope of circumstances where § 2241 relief is available.

For futility and prejudice, Faulds's Motion to Amend Petition will be denied. And Faulds will be denied leave to appeal *in forma pauperis* because it would not be taken in good faith. 28 U.S.C. § 1915(a)(3); FED. R. CIV. P. 24(a).

## IV.

Accordingly, it is **ORDERED** that the Petition for a Writ of Habeas Corpus, ECF No. 1, is **DISMISSED WITH PREJUDICE**.

Further, it is **ORDERED** that the Motion to Amend Petition, ECF No. 6, is **DENIED**.

Further, it is **ORDERED** that leave to appeal *in forma pauperis* is **DENIED**.

**This is a final order and closes the above-captioned case**.

Dated: August 1, 2023                                  s/Thomas L. Ludington
                                                       THOMAS L. LUDINGTON
                                                       United States District Judge